UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TRACY NILES, individually and as a Natural
Parent and Guardian of C.N., an Infant
Under 18 Years of Age, GARY NILES,
individually and as a Natural Parent and
Guardian  of C.N., an Infant Under 18 Years
of Age, and C.N.,

                         Plaintiffs,

v.                                                              6:06-CV-1492
                                                                (GTS/GHL)

CITY OF ONEIDA, ONEIDA CITY POLICE
DEPARTMENT, DAVID MEEKER, as ONEIDA
CITY POLICE CHIEF, ONEIDA CITY POLICE
OFFICER LOOMIS, and ONEIDA CITY
POLICE OFFICER CHAPPA,

                         Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

LONGERETTA LAW FIRM                       DAVID A. LONGERETTA, ESQ.
   Counsel for Plaintiff
298 Genessee St.
Utica, NY 13502

KERNAN AND KERNAN, P.C.                   KEVIN G. MARTIN, ESQ.
   Counsel for Defendant
258 Genesee Street, Suite 600
Utica, NY 13502

HON. GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

**I.      INTRODUCTION**

On December 13, 2006, Plaintiffs filed this civil rights action arising out of an incident that occurred at Plaintiff Tracy Niles's sister's house on the evening of December 12, 2005. Plaintiffs filed this action against five Defendants: (1) the City of Oneida; (2) the Oneida City Police Department; (3) Oneida Police Chief David Meeker; (4) Oneida Police Officer Loomis (individually and in his official capacity); and (5) Oneida Police Officer Chappa (individually and in his official capacity).  For the sake of brevity, the Court will assume familiarity with the facts of this case, and will only briefly recite the undisputed material facts.

On the evening of December 12, 2005, Plaintiffs, along with some other family members and friends, went to the apartment of Heidi and Jarrod Richmond.  Jarrod Richmond had recently been released from jail and Heidi Richmond had a protective order pending against him.  Soon after Plaintiffs' arrival, Jarrod Richmond left the apartment and contacted the police, indicating that people were trespassing in his apartment.  Within a short period of time after Jarrod Richmond left the apartment, Officers Loomis and Chappa arrived at the apartment and spoke with certain people in the apartment.  The parties do not agree on the particular dialogue.

After determining that no one was trespassing, the officers left the apartment and spoke with Jarrod Richmond.  The officers then returned to the apartment with Jarrod Richmond, and asked some of the individuals in the apartment for their names and contact information.  Plaintiff Gary Niles refused to provide his information to the officers.  The officers then asked those whose information they had to leave the apartment.  Plaintiff Tracy Niles informed Officer Loomis that the man who would not provide them with information was her husband.  Plaintiff Gary Niles then asked if he was free to go, but was prevented from leaving by Officer Loomis.

2

Plaintiff Tracy Niles then indicated that she would not leave the apartment without her husband. Moments later, Officer Chappa and Tracy Niles became involved in a physical altercation. Plaintiff Cody Niles attempted to intervene in the altercation, as did Officer Loomis.

During the altercation, Cody Niles and Tracy Niles were sprayed in the face with pepper spray, for which they later received medical treatment. Plaintiffs were all eventually handcuffed. Cody Niles and Gary Niles were arrested for obstruction of governmental administration. In addition, Cody Niles was arrested for resisting arrest, and Tracy Niles was arrested for resisting arrest and harassment. Plaintiffs' cases were tried before Oneida City Court Judge Michael Miscziack, who found Plaintiffs not guilty of all charges. Within ninety (90) days of the December 12, 2005, incident, Plaintiffs served on Defendants a Notice of Claim. Then, on December 13, 2006, Plaintiffs commenced this action.

On April 20, 2007, Judge Scullin issued a Memorandum Decision and Order dismissing some of Plaintiffs' claims. Remaining after the decision were the following four of Plaintiffs' claims: (1) a Section 1983 claim against Officers Loomis and Chappa for excessive force; (2) a state law claim against all Defendants for false arrest; (3) a state law claim against all Defendants for assault; and (4) a state law claim against all Defendants for battery. Currently before the Court is Defendants' motion for summary judgment with regard to each of these claims.

For the reasons that follow, Defendants' motion is denied.

## II.   LEGAL STANDARD GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Again, for the sake of brevity, the Court will not repeat the well-known legal standard governing motions for summary judgment pursuant to Fed. R. Civ. P. 56, but will refer the parties to its decision in *Proctor v. Kelly*, 05-CV-0692, 2008 WL 5243925, at *3-4 (N.D.N.Y. Dec. 16, 2008) (Suddaby, J.).

III.   **DISCUSSION**

A.   **Whether Plaintiffs' Cause of Action for False Arrest Is Barred for Failure to Comply with New York's General Municipal Law § 50-e(1)(a)**

Defendants argue that the Notice of Claim that Plaintiffs served on Defendants, in compliance with New York's General Municipal Law § 50-e(1)(a), fails to mention a claim for false arrest.  Defendants therefore argue that Plaintiffs' claim for false arrest should be dismissed.

Plaintiffs argue that the Notice of Claim was sufficient to place Defendants on notice of a claim for false arrest.  Specifically, Plaintiffs point out that in the Notice of Claim, it is stated that "Plaintiffs were unlawfully detained, handcuffed and . . . transported to the City of Oneida Police Station . . . ."  In addition, Plaintiffs argue that the Court is bound by Judge Scullin's April 20, 2007 Memorandum Decision and Order, which refused to dismiss Plaintiffs' cause of action for false arrest.

Section 50-e(1)(a) of the General Municipal Law states that "[i]n any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, . . . or employee thereof, the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises . . . ."  N.Y. Gen. Mun. Law § 50-e(1)(a).  Section 50-e(2) states, in relevant part, that the notice must "set forth . . . the nature of the claim."  N.Y. Gen. Mun. Law § 50-e(2).

"The test of the sufficiency of a notice of claim is whether it includes enough information to enable the municipality to investigate the claim adequately."  *Lieber v. Village of Spring Valley*, 40 F. Supp.2d 525, 531 (S.D.N.Y. 1999) (citing *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 358 [1981]).  "The purpose of a notice of claim is to afford the public corporation the

opportunity to locate the defect, conduct a proper investigation, and assess the merits of the claim." *Lieber*, 40 F. Supp.2d at 531 [citations and internal quotations omitted].  "A theory of liability not mentioned in the notice of claim generally may not be asserted in a subsequent lawsuit. *Id.* [citation omitted].  However, "a theory of liability related to or implied by what is clearly stated in the notice of claim" may constitute sufficient mentioning such that it "should be permitted to proceed." *Torres v. City of New York*, No. 25186/05, 2008 WL 4514272, at *4 (N.Y. Sup. Ct., Bronx County, Sept. 8, 2008); *see also DeLeonibus v. Scognamillo*, 183 A.D.2d 697, 698 (N.Y. App. Div., 2d Dept., 1992) ("The courts have not interpreted [Section 50-e(2)] to require that a claimant state a precise cause of action *in haec verba* in a notice of claim."); *Fincher v. County of Westchester*, 979 F. Supp. 989, 1003 (S.D.N.Y. 1997) (a "cause of action or theory of liability" that is "directly or indirectly mentioned in the notice of claim may . . . be included in a subsequent lawsuit").

 In sum, in determining whether the claimant has complied with the statutory requirements for notice of claims regarding a tort action against a municipality, the court should focus on the purpose served by the notice of claim and whether, based on the claimant's description, municipal authorities can locate the place, fix the time and understand the nature of the accident.  *Brown v. City of New York*, 95 N.Y.2d 389 (N.Y. 2000).  In addition, if no prejudice is caused to the municipal defendant by the notice of claim, defects in the notice may be disregarded since the only purpose of the notice is to afford the municipal defendant an opportunity to investigate circumstances surrounding the claim and its merits.  *Garcia v. O'Keefe*, 5 Misc.3d 1006(A), 2004 WL 2375284, at *6 (N.Y. Sup. Ct., New York County, Sept. 9, 2004).

In reciting the "injuries for which a claim is hereby made," the Notice of Claim states "[t]hat the Claimants were unlawfully detained, handcuffed, and then transported to the City of Oneida Police Station."  The Notice of Claim also states that the claim is made against Defendants "for personal injuries, and any unforeseen injuries due to the improper conduct, negligence, assault, battery, and civil rights violations of Officer Loomis and Officer Chappa." The Court finds that a claim that Plaintiffs were unlawfully detained and handcuffed is sufficient to enable the municipality to adequately investigate a claim for false arrest.  *See*, *e.g.*, *Gonzalez v. Bratton*, 147 F. Supp.2d 180, 192-93 (S.D.N.Y. 2000) (finding that, where charges give the municipality an opportunity to make a prompt investigation of the underlying basis for plaintiff's claim, the notice of claim is adequate, even if it fails to specify a particular claim).  This is because the Court finds that, under the circumstances, an investigation of whether or not Plaintiffs were unlawfully detained and handcuffed is tantamount to an investigation of the lawfulness of the arrests.  *See, e.g.*, *U.S. v. McDermott*, 918 F.2d 319, 325 (2d Cir. 1990) (noting that "False arrest is an act of *unlawful detainment*"); *Caminito v. City of New York*, 256 N.Y.S.2d 670, 678 (N.Y. Sup. Ct., Kings County, 1965) (detention in a police station constitutes an arrest); *New York v. Hasenflue*, 648 N.Y.S.2d 254, 257 (N.Y. Sup. Ct., Ulster County, 1996) ("arrest" is complete at the point the defendant is taken into custody).

As a result, the Court concludes that Plaintiffs' Notice of Claim provided sufficient notice of Plaintiffs' claim for false arrest, and therefore denies Defendants' motion for summary judgment on this ground.

B.      **Whether the Causes of Action for False Arrest, Assault and Battery Brought by Plaintiffs Gary Niles and Tracy Niles Are Time Barred**

As a preliminary matter, the Court notes that Defendants concede that, because Plaintiff Cody Niles was a minor when the incident giving rise to Plaintiffs' cause of action took place, his claims against Defendants for false arrest, assault and battery are not time barred.  With regard to the causes of action asserted by Plaintiffs Tracy Niles and Gary Niles, Defendants argue that the limitations period within which they could bring a claim against Defendants Loomis and Chappa for false arrest, assault and battery is one year from the accrual date, which is December 12, 2005.  Because Plaintiffs commenced this action one year and one day after the accrual date, Defendants argue that Gary Niles and Tracy Niles's claims for false arrest, assault and battery against Defendants Loomis and Chappa should be dismissed.

Plaintiffs argue that the applicable statute of limitations is one year and ninety days from the accrual date, as provided in Section 50-i of New York's General Municipal Law.  Plaintiffs further argue that the Court is bound by Judge Scullin's April 20, 2007 Memorandum Decision and Order, which decided that the limitations period for a cause of action against a municipal employee is one year and ninety days from the accrual date.

As the Southern District of New York noted in *Lieber v. Village of Spring Valley*, "New York federal and state courts have applied the statute of limitations for intentional torts against a municipality [and its employees] with conflicting results." *Lieber*, 40 F. Supp.2d at 533-34 [collecting cases].  The difficulty stems from the issue of whether or not the statute of limitations provided in Section 50-i of the General Municipal Law applies to intentional tort claims against a municipal employee.

General Municipal Law Section 50-i provides, "No action or special proceeding shall be prosecuted or maintained against a . . . city . . . for personal injury . . . alleged to have been

7

sustained by reason of the negligence or wrongful act of such . . . city . . . or any employee thereof . . . unless (a) notice of claim shall have been made and served upon the . . . city . . . in compliance with section fifty-e of this chapter, . . . and (c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based." N.Y. Gen. Mun. Law § 50-i. Section 50-e(1)(a), which has been held to apply to cities and police officers,[1] requires that notice of a claim against a public corporation or any employee be provided within ninety days after the claim arises, and such notice is a condition precedent to the commencement of an action against the public corporation or employee. N.Y. Gen. Mun. Law § 50-e(1)(a).

In other words, as long as a complainant provides the city or any employee that the complainant intends to sue with notice of a claim within ninety days of the incident that gives rise to the action, the applicable statute of limitations is one year and ninety days from the date of the incident. However, what arguably remains unsettled is whether this statute of limitations period applies to a municipal employee, who must be given notice under Section 50-e, but whom Section 50-i does not expressly refer to when discussing the restrictions on bringing an action. The Court notes that, if the statute of limitations period carved out in Section 50-i does not apply to a municipal employee, the applicable statute of limitations period for Plaintiff's assault and battery claims is one year. *See* N.Y. C.P.L.R. § 215 (McKinney's 2006).

In determining what statute of limitations to apply, the Court must examine the applicable statutory language. First, the language provided for in Section 50-e(1)(b) states as follows:

---

[1]         *See, e.g., Brenner v. Heavener*, 492 F. Supp.2d 399, 404 (S.D.N.Y. 2007).

> Service of the notice of claim upon an . . . employee of a public corporation shall not be a condition precedent to the commencement of an action or special proceeding against such person. If an action or special proceeding is commenced against such person, but not against the public corporation, service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law.

N.Y. Gen. Mun. Law § 50-e(1)(b).

Second, the language provided for in Section 50-i(2) states as follows:

> This section shall be applicable notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provisions of any city charter." Gen. Mun. Law section 50-i(2). Third, New York General Construction Law section 37-a defines "personal injury" to include "assault, battery . . . , or other actionable injury to the person either of the plaintiff, or of another. N.Y. Gen. Constr. Law § 37-a.

Though the above-mentioned statutory language does not settle the dispute, it does provide the Court with adequate guidance to conclude that, when an employee is acting within the scope and duty of his employment, the statute of limitations provided for in Section 50-i governs the claim. The Court reaches this conclusion for three reasons. First, when read together, Sections 50-e(1)(a) and 50-e(1)(b) indicate that service of notice of a claim against an employee of a public corporation is required if the employee is being sued as a municipal employee.[2] Second, a number of state and federal courts have reached the same conclusion.[3]

───────────────

[2]    While Section 50-e(1)(a) expressly requires that an employee be provided with notice before an action may be commenced against that employee, section 50-e(1)(b) clarifies that when the employee is being sued in a manner that is unrelated to the employer, notice is no longer a condition precedent to commencing an action.

[3]    *See, e.g., Barnett v. Dillon*, 890 F. Supp. 83, 87 (N.D.N.Y. 1995) (Hurd, M.J.) (stating, "a one year and ninety-day period for filing suit against municipalities and their employees clearly applies in this case"); *Douglas v. County of Tompkins*, 90-CV-841, 1995 WL 105993, *5 (N.D.N.Y. Mar. 2, 1995) (McCurn, J.) (applying one year and ninety day limitations period to claim for intentional infliction of emotional distress against municipal defendants);

Third, it would be inconsistent to construe the statute as (1) changing the limitations period

governing *unintentional* torts such as negligence (i.e., from three years to one year and ninety

days), but not also (2) changing the limitations period governing *intentional* torts such as assault

and battery (i.e., from one year to one year and ninety days).[4]

     After carefully reviewing the statutory language and relevant case law on the subject, the

Court concludes that, when an employee is acting within the scope and duty of their

employment, the statute of limitations provided for in Section 50-i governs the claim.  In

---

*Rosado v. City of New York*, 713 F. Supp. 124, 126 (S.D.N.Y. 1989) (recognizing, in dicta, that §
50-i provides for a one year and ninety day limitations period for intentional torts, and overrides
inconsistent provisions of law, including CPLR § 215[3]); *Clark v. City of Ithaca*, 652 N.Y.S.2d
819, 820-21 (N.Y. App. Div., 3d Dept., 1997) (holding one year and 90-day requirement of
General Municipal Law § 50-i applicable in suit alleging [1] use of excessive force, assault, and
negligent training, [2] assault and battery, [3] false arrest, [4] false imprisonment, [5] malicious
prosecution, and [6] Federal civil rights violations, stating, "Only where a finding is made that
the police officer's acts were clearly not within the scope of employment is the one-year Statute
of Limitations of CPLR 215(3) applicable."); *Tumminello v. City of New York*, 622 N.Y.S.2d
714, 715 (N.Y. App. Div., 1st Dept., 1995) (noting that the one year and ninety day statute of
limitations does not apply to a municipal defendant who was not acting within the scope of
employment); *Abdell v. City of New York*, 05-CV-8453, 2006 WL 2620927, at *3 (S.D.N.Y.
Sept. 12, 2006) (noting, without distinguishing between the City and the officers sued for false
arrest, that, because "a plaintiff is required to serve notice of a tort against a public officer within
ninety days of the accrual of the claim[,]" the statute of limitations for a claim against of false
arrest is "one year and ninety days . . . from the date of release from custody"); *Feinberg v. City
of New York*, 99-CV-12127, 2004 WL 1824373, at *5 (S.D.N.Y. Aug. 13, 2004) ("New York's
General Municipal Law § 50-i provides a one year and ninety day statute of limitations for tort
claims against a municipality and its officers.").

     [4]    *See, e.g., Francis v. Posa*, 801 N.Y.S.2d 857, 858-59 (N.Y. App. Div., 4th Dept.,
2005) (noting that the statute of limitations, which bars a negligence claim against the
municipality because it was not brought within one year and ninety days, also bars the
negligence claim against the employee because when the employee is acting within the scope of
employment, the shorter limitations period applies); *Wilson v. City of New York*, 569 N.Y.S.2d
667, 668 (N.Y. App. Div., 1st Dept., 1991); *Geslak v. Suffolk County*, 06-CV-0251, 2008 WL
620732, at *2 (E.D.N.Y. Mar. 5, 2008) (citing Section 50-i and noting that "[t]h[e] three-year
limitations period is shortened to one year and ninety days in the case of a claim alleged to have
been caused by any . . . negligence, or wrongful act on the part of a county, its officers, agents,
servants, or employees").

addition, the Court finds that Plaintiffs have offered enough admissible record evidence to demonstrate a question of fact as to whether or not Defendants Chappa and Loomis were acting within the scope and duty of their employment as police officers employed by the City of Oneida when the incident giving rise to Plaintiffs' causes of action took place.  Plaintiffs' causes of action accrued on December 12, 2005.  (*See* Dkt. No. 11, Part 1, at 2.)  Plaintiff served a Notice of Claim on all Defendants on March 9, 2006.  (Dkt. No. 11, Part 1, at 2.)  Plaintiffs' filed their Complaint on December 13, 2006.  (Dkt. No. 1.)  Because Plaintiffs' Notice of Claim was timely, and Plaintiffs' Complaint was filed within one year and ninety days of when Plaintiffs' cause of action accrued, the Court concludes that Plaintiffs' claim is not time barred–as long as a jury finds that Defendants Loomis and Chappa were acting within the scope and duty of their employment when they arrived at the Richmond apartment on December 12, 2005, and subsequently arrested Plaintiffs.  As a result, Defendants' motion for summary judgment on this ground is denied without prejudice.

     **C.**     **Whether Defendants Had Probable Cause to Arrest Plaintiffs, Thereby Precluding a Cause of Action for False Arrest**

     Defendants argue that they have satisfied their burden of demonstrating probable cause to arrest Plaintiffs.  Specifically, Defendants argue that, because Jarrod Richmond accused Plaintiffs of harassment, they had a right to investigate this claim, and Plaintiffs were therefore required to cooperate with Defendants Loomis and Chappas.  Defendants further argue that, because Plaintiffs' refused to cooperate and instead began attacking Loomis and Chappas, the arrest of Plaintiffs was justified.

     Plaintiffs argue that the deposition testimony of Officers Loomis and Chappa revealed that Defendants did not have probable cause to re-enter the Richmond apartment once they

determined that no trespass had occurred.  Specifically, Plaintiffs cite Officer Loomis's

statement that "I just had to say something to [Gary Niles]" when asked why he re-entered the

Richmond apartment.  Plaintiffs also argue that there was no probable cause to re-enter the house

and ask individuals for identification because they did not have a willing complainant in Jarrod

Richmond, and therefore they did not have identifiable proof in admissible form to substantiate

an arrest for harassment.  Plaintiffs further argue that the Oneida County Court's finding them

not guilty of all charges is evidence that Officers Loomis and Chappa did not have probable

cause to arrest them.

      Probable cause to arrest exists when officers have "knowledge or reasonably trustworthy

information of facts and circumstances that are sufficient to warrant a person of reasonable

caution in the belief that the person to be arrested has committed or is committing a crime."

*Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).  "Courts should look to the totality of the

circumstances when determining whether there is probable cause to arrest . . . ." *Panetta v.

Crowley*, 460 F.3d 388, 395 (2d Cir. 2006).   In addition, "[p]ursuant to CPL section

140.10(1)(a), a police officer may [only] make a warrrantless arrest of a person when he has

reasonable cause to believe that an offense has been committed in his presence."  *New York v.

Patterson*, 20 Misc.3d 1130(A), 2008 WL 3082706, at *1-2 (N.Y. Sup. Ct., Erie County, July 30,

2008) (noting that where a Police Officer engaged in an altercation with an individual suspected

of drinking in a public place, despite not having seen the individual commit the offense, the

Officer had no lawful basis to arrest the individual and therefore no lawful basis to physically

contact the individual, even though the individual used a vulgarity and attempted to walk away

from the Officer).

Failure to obey a police order *may* give rise to a police officer's reasonable belief for assuming that probable cause exists to arrest the non-compliant individual for obstructing governmental administration.  *See Decker v. Campus*, 981 F. Supp. 851, 858 (S.D.N.Y. 1997) (holding "that[,] even if there did not exist probable cause to arrest plaintiff for obstructing governmental administration[,] any perceived interference with police orders at the scene of an accident-where life is at risk-is reasonable grounds for assuming probable cause to arrest."); *see also Lennon v. Miller*, 66 F.3d 416, 424 (2d Cir. 1995) (finding that, where it "was reasonable in these circumstances for the officers to believe that they had the authority to order [Plaintiff to do something], [w]hen she refused . . . it was reasonable for them to construe her actions as "interference" and to arrest her for violating a statute that appeared to reach her conduct."); *cf Budgar v. New York*, 414 N.Y.S.2d 463, 466 (N.Y. Ct. Cl. 1979) ("[a]pplying the reasonable and prudent person test" and concluding that the trooper did not have probable cause to arrest the motorist for refusing to comply with the trooper's lawful order, despite the fact that after the order the motorist yelled at the trooper and threw his insurance card at him).

However, probable cause to arrest does not exist when a party refuses to comply with an order that is not lawful.  *See, e.g., Ellis v. La Vecchia*, 567 F. Supp.2d 601, 607-08 (S.D.N.Y. 2008).  Moreover, "words alone, even abusive ones, cannot give rise to probable cause to arrest for obstructing governmental administration as a matter of law."  *Lee v. McCue*, 04-CV-6077, 2007 WL 2230100, at *5 (S.D.N.Y. July 25, 2007) (citing *New York v. Case*, 42 N.Y.2d 98, 102 [1977]).

Finally, it is not a crime to "resist[] arrest or interfer[e] with an officer in the performance of an official function unless it is established that the police were engaged in 'authorized' conduct."  *Greene*, 634 N.Y.S.2d at 145 (finding that the arrest of a "defendant [who] became

13

involved in a physical altercation with several police officers" in an effort "to prevent them from issuing a desk appearance ticket to another individual" was only lawful if issuing the ticket was "authorized" conduct); *see also New York v. Harewood*, 406 N.Y.S.2d 44, 45 (N.Y. App. Div., 1st Dept., 1978) (finding that, where defendant claimed that he used force to prevent officers from assaulting a "blameless citizen," it is a question of fact whether or not arresting defendant under the circumstances was authorized).  Stated another way, "the 'official function' (the essential element under Penal Law Sec. 195.05, as particularly charged herein) c[an] not be obstructed, impaired or perverted, if there was no power or right to act." *Ailey*, 350 N.Y.S.2d at 987 [parenthesis in original]; *see also Cooperstein v. Procida*, 00-CV-2642, 2001 WL 715831, at *4 (E.D.N.Y. June 4, 2001).

Plaintiff Gary Niles was arrested for obstruction.  Under New York Penal Law § 195.05, "A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference . . . ."  In addition, "the mere existence of statutes and ordinances defining criminal offenses does not give the police the power and the right to use unrestricted means to investigate possible violations thereof or to compel a citizen's cooperation or to invoke a separate charge as a tool of investigation or as a punishment for non-cooperation." *New York v. Ailey*, 350 N.Y.S.2d 991, 988 (N.Y. City Ct. 1974).  Since Defendant does not argue that Gary Niles physically interfered with Officers Chappa and Loomis as they attempted to restrain Cody and Tracy Niles, and words alone do not give rise to probable cause to arrest for obstruction, there is a question of fact as to whether or not Defendant Loomis and Chappa had probable cause to arrest Gary Niles.

14

Plaintiff Tracy Niles was arrested for resisting arrest and harassment.  Under New York Penal Law Section 240.26(1), "[a] person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person: (1) [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same; or (2) [h]e or she follows a person in or about a public place or places; or (3) [h]e or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose."  Under New York Penal Law § 205.30, "A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person."

In her deposition, Tracy Niles testified that, after she informed the officers that she was not leaving her sister's apartment without her husband, one of the officers approached her and attempted to physically remove her from the apartment.  In his deposition, Plaintiff Gary Niles provided similar testimony.  It is clear that Plaintiffs were not trespassing.  (*See* Dkt. No. 31, Part 12, at 25 [Chappa Dep. Tr.].)   In addition, because there was no trespass, there is a question of fact as to whether or not the officers' order for Tracy Niles to leave the apartment was lawful.  If the order was not lawful, Tracy Niles's failure to comply with the order does not give rise to probable cause to arrest her for resisting arrest.  Finally, there is a question of fact as to whether one of the officers put his hands on Tracy Niles simply because she refused to leave the apartment.  When an officer unlawfully contacts a person, that person is justified in reasonably resisting such contact.  *See, e.g., New York v. Turner*, 265 N.Y.S.2d 841, 851 (N.Y. App. Div., 1st Dept., 1965) [citation omitted]; *New York v. Greene*, 634 N.Y.S.2d 144, 145 (N.Y. App. Div., 2d Dept., 1995) [collecting cases].  Because there is a question of fact as to whether Plaintiff Tracy Niles's actions were in response to unlawful contact, there is a question of fact as to whether or

15

not the officers had probable cause to arrest her for harassment.

Plaintiff Cody Niles was arrested for obstruction and resisting arrest.  If the officers were the first aggressors against Tracy Niles, there is a question of fact as to whether or not there was probable cause to arrest Cody Niles for obstruction and resisting arrest.  This is because it is not a crime to "resist[] arrest or interfer[e] with an officer in the performance of an official function unless it is established that the police were engaged in 'authorized' conduct." *Greene*, 634 N.Y.S.2d at 145 (finding that the arrest of a "defendant [who] became involved in a physical altercation with several police officers" in an effort "to prevent them from issuing a desk appearance ticket to another individual" was only lawful if issuing the ticket was "authorized" conduct); *see also New York v. Harewood*, 406 N.Y.S.2d 44, 45 (N.Y. App. Div., 1st Dept., 1978) (where defendant claimed that he used force to prevent officers from assaulting a "blameless citizen," it is a question of fact whether or not arresting defendant under the circumstances was authorized).  Stated another way, "the 'official function' (the essential element under Penal Law Sec. 195.05, as particularly charged herein) c[an] not be obstructed, impaired or perverted, if there was no power or right to act."  *Ailey*, 350 N.Y.S.2d at  987; *see also Cooperstein v. Procida*, 00-CV-2642, 2001 WL 715831, at *4 (E.D.N.Y. June 4, 2001).

In addition, the essential element of resisting arrest–i.e. "authorized arrest of himself or another person"–cannot be found to exist if Cody Niles's actions were in response to the officers' unlawful contact with Cody Niles's mother.  *See, e.g., Sulkowska v. City of New York*, 129 F. Supp.2d 274, 290 (S.D.N.Y. 2001) (noting that, when an arrest is unauthorized, there is no probable cause to make an arrest for resisting the unauthorized arrest).  Because it remains a question of fact whether or not the officers had a reasonable belief that an arrest of Tracy Niles was lawful, it remains a question of fact whether the officers had a reasonable belief that Cody

16

Niles had committed the crime of resisting arrest.

Plaintiffs' claims of unlawful arrest will likely prevail or fail largely based on a factual determination of whether or not Defendant officers had probable cause to continue an investigation of harassment made to them by the complainant, Jarrod Richmond.  However, the record evidence before the Court at this time is conflicting with regard to the complainant's claims.  Therefore, questions of fact exist which can be resolved only through a trial of this matter.

### D.   Whether Plaintiffs Have Established a Claim of Assault or Battery Against Defendant Loomis

Defendants argue that Plaintiffs Complaint does not allege that Officer Loomis touched anyone until he arrested Gary Niles.  In addition, Defendants argue that Plaintiffs do not allege that Officer Loomis's handcuffing of Gary Niles was excessive or improper.  Therefore, Defendants argue that Plaintiffs' claim against Defendant Loomis for assault and battery should be dismissed.  Defendants also argue that, because there is no allegation that Officer Chappa ever touched or approached Gary Niles, Gary Niles's claim for assault and battery against Officer Chappa should be dismissed.

Plaintiffs argue that they have testified about having a real fear of being injured by Defendants' actions.  Specifically, Plaintiffs argue that Officer Loomis invaded the personal space of Gary Niles on multiple occasions prior to the arrest of Mr. Niles, including when Officer Loomis restricted Mr. Miles's movement with his arm.  Plaintiffs further argue that whether or not such conduct rises to the level of an assault is a question of fact.  With regard to Officer Loomis's assault of Tracy Niles and Officer Chappa's assault of Gary Niles, Plaintiffs argue that each officer is liable for the assault and battery of the other officer under a theory of bystander liability.

"To sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact." *Fugazy v. Corbetta*, 825 N.Y.S.2d 120, 122 (N.Y. App. Div., 2d Dept., 2006) [citations omitted].  "To establish a civil battery a plaintiff need only prove intentional physical contact by defendant without plaintiff's consent; the injury may be unintended, accidental or unforeseen." *Hughes v. Farrey*, 817 N.Y.S.2d 25, 28 (N.Y. App. Div., 1st Dept., 2006) [citations omitted].

Where probable cause to effectuate an arrest is lacking, the use of force during the unlawful arrest constitutes an assault and battery.  *Budgar v. State*, 414 N.Y.S.2d 463, 466 (N.Y. Ct. Cl. 1979); *see also L.B. v. Town of Chester*, 232 F. Supp.2d 227 (S.D.N.Y. 2002) ("Where arrest is determined to be unlawful, claim for assault and battery may arise" under New York law); *Sulkowska v. City of New York*, 129 F. Supp.2d 274, 294 (S.D.N.Y. 2001) ("If an arrest is determined to be unlawful, any use of force against a plaintiff may constitute an assault and battery, regardless of whether the force would be deemed reasonable if applied during a lawful arrest").  In addition, "an officer's failure to intervene during another officer's use of excessive force can itself constitute excessive force." *Cusamano v. Sobek*, 06-CV-0623, 2009 WL 211155, at *3 n.9 (N.D.N.Y. Jan. 26, 2009) (Suddaby, J.) (citing *Lorenzo v. Moore*, 06-CV-2717, 2008 WL 314570, at *4 (D. N.J. Jan. 30, 2008) [other citations omitted].)

Here, after carefully reviewing the record, and construing it in the light most favorable to Plaintiff, the Court finds that, based on the current record, there is at least some admissible record evidence from which a rational trier of fact could conclude that there was no probable cause to arrest Plaintiffs, and that, in the absence of probable cause, handcuffing Plaintiffs constitutes an unlawful touching.  In addition, the Court notes that unlawfully discharging pepper spray on an individual constitutes battery, and gesturing as if one intends to spray an

individual may constitute assault.  Further, if one officer's use of force to effectuate an arrest was

unlawful, another officer's failure to intervene may give rise to liability.  As a result,

Defendants' motion for summary judgment on this ground is denied.

> **E.     Whether Plaintiffs' Section 1983 Claim for Excessive Force Is Barred by the Doctrine of Qualified Immunity**

Defendants argue that there was at least "arguable probable cause" for Defendants

Loomis and Chappa to arrest Plaintiffs, given that they were accused by Jarrod Richmond of

harassing and threatening him in his own home.  In addition, Defendants argue that Loomis and

Chappa used objectively reasonable force when they arrested Plaintiffs.  Therefore, Defendants

argue that Plaintiffs' Section 1983 claims should be dismissed on the grounds of qualified

immunity.

Plaintiffs argue that a reasonable officer would not have re-entered the apartment after

determining that nobody was trespassing.  Plaintiffs further argue that the Officers' use of force

was not objectively reasonable in light of the overall environment in the Richmond apartment.

Finally, Plaintiffs argue that, in light of the surrounding circumstances, the Officers could not

have reasonably believed that they had the authority to arrest Plaintiffs.

"Under federal law, a police officer is entitled to qualified immunity where (1) his

conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known, or (2) it was objectively reasonable for him to believe that

his actions were lawful at the time of the challenged act." *Jenkins v. City of New York*, 478 F.3d

76, 87 (2d Cir. 2007) [internal quotations and other citations omitted].  There is no doubt that the

right to be free from arrest without probable cause was clearly established at the time of

Plaintiff's arrest.  *See Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) [collecting cases].

Therefore, Plaintiff's Section 1983 excessive force claim turns on whether the probable cause determination of Officers Loomis and Chappa was objectively reasonable.

"An officer's determination is objectively reasonable if there was 'arguable' probable cause at the time of arrest–that is, if 'officers of reasonable competence could disagree on whether the probable cause test was met.'" *Jenkins*, 478 F.3d at 87 [internal quotations and other citations omitted].  "[U]nder both New York and federal law, summary judgment dismissing a plaintiff's . . . claim is [not] appropriate if . . . on the undisputed facts the officer would be unreasonable in concluding probable cause existed, or if the officer's reasonableness depends on material issues of fact . . . ." *Jenkins*, 478 F.3d at 88; *see also Zellner v. Summerlin*, 494 F.3d 344, 377 (2d Cir. 2007) (if there is no probable cause to believe that the plaintiff broke the law, a subsequent arrest is unreasonable).

Here, after carefully reviewing the record, and construing it in the light most favorable to Plaintiff, the Court finds that there is at least some admissible record evidence from which a rational trier of fact could conclude that it was not objectively reasonable for Officers Loomis and Chappa to believe that they had probable cause to arrest Plaintiffs for obstruction and harassment, during the time in question.  In reaching this conclusion, the Court relies on the deposition testimony of Plaintiffs Tracy Niles and Gary Niles.  The Court also relies on the fact that Officer Loomis testified that, after he determined the identities of the individuals, those individuals were free to leave the apartment; yet Officer Loomis also testified that he did not let Gary Niles leave the apartment immediately after being apprised of his identity.  As a result, Defendants' motion for summary judgment on this ground is denied.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 29) is **<u>DENIED</u>**.


Dated: March 24, 2009
       Syracuse, New York


Hon. Glenn T. Suddaby
U.S. District Judge